NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RAFAEL ALEXIS PEREIRA-ALVAREZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72394 <br><br> Agency No. A087-273-411 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 14, 2023
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,** District Judge.

Petitioner Rafael Alexis Pereira-Alvarez, a native and citizen of Venezuela, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) determining, upon de novo review of the Immigration Judge's decision, that Pereira-Alvarez was statutorily ineligible for cancellation of removal or voluntary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

departure due to a failure to show the requisite good moral character. *See* 8 U.S.C. §§ 1229b(b)(1)(B), 1229c(b)(1)(B). Our jurisdiction is limited to "review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also id.* § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1623–27 (2022). Because Pereira-Alvarez fails to raise such a claim, we dismiss the petition for lack of jurisdiction.

In its ruling, the BIA upheld the Immigration Judge's finding that Pereira-Alvarez gave false testimony during his immigration hearing about his past marriages for the purpose of obtaining an immigration benefit. This finding rendered Pereira-Alvarez statutorily ineligible for cancellation of removal or voluntary departure for failure to show good moral character. *See* 8 U.S.C § 1229b(b)(1)(B) (stating that to be eligible for cancellation of removal, the alien must, *inter alia*, have been "a person of good moral character" during the relevant time period); *id.* § 1101(f)(6) ("No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was . . . one who has given false testimony for the purpose of obtaining any benefits under [the INA]."). The false testimony determination is a factual finding. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747 (9th Cir. 2007) ("Whether [Petitioner] falls into one of the per se categories listed in [8 U.S.C.] § 1101(f) presents a question of fact . . . .").

Despite his best efforts to reframe the arguments made in his opening brief—that the BIA made factual findings without substantial evidence in the record—Pereira-Alvarez fails to raise a colorable constitutional or legal challenge to the BIA's determination. The agency did not, as Pereira-Alvarez contends, erroneously find an omission on the application form to be false testimony; instead, Pereira-Alvarez's statements at his hearing were determined to be false, and the agency did not err by relying on information on the form as a supporting fact in the record. The BIA's reasoning, relying in part on the discussion in the Immigration Judge's decision, outlines that Pereira-Alvarez was placed under oath at his immigration hearing, and the Immigration Judge concluded that his broad denial of marriage fraud at that hearing was not believable given the testimony of Pereira-Alvarez and his son, in addition to omitting his first wife from his application form. This demonstrates that the agency adequately considered record evidence, and did not erroneously base the false testimony finding solely on an omission in Petitioner's application for cancellation of removal. *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (explaining that the agency "need not engage in a lengthy discussion of every contention raised by a petitioner" and that we will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned" (internal quotation marks and citations omitted)).

In his arguments challenging the agency's false testimony determination as

lacking adequate record support, mischaracterizing the evidence, and for failing to consider reasonable alternatives, Pereira-Alvarez asks us to reweigh the evidence. However, we "lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 and the other provisions enumerated in § 1252(a)(2)(B)(i)," which include §§ 1229b and 1229c. *Patel*, 142 S. Ct. at 1627. Finally, to the extent Pereira-Alvarez asks us to import an adverse credibility framework into the analysis, we decline to do so because there was no adverse credibility determination at issue in this case. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("[O]ur review is limited to the actual grounds relied upon by the BIA." (quoting *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009), *overruled on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011))). Accordingly, we dismiss Pereira-Alvarez's petition for review.

**PETITION DISMISSED FOR LACK OF JURISDICTION.**